UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**STEPHAN C. VANCE,**

        Plaintiff,

    -vs-                                   Case No. 15-CV-745

**RICKY L. SEABUL, MD,
and LORI DOEHLING,**

        Defendants.

## SCREENING ORDER

The pro se plaintiff, Stephan C. Vance, who is incarcerated at the Redgranite Correctional Institution (RGCI), filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on the plaintiff's petition to proceed *in forma pauperis*. He has been assessed and paid an initial partial filing fee of $6.87.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

immune from such relief.  28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass."  *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  To

- 2 -

Case 2:15-cv-00745-RTR   Filed 08/14/15   Page 2 of 8   Document 7

state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v.*

*Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that on July 9, 2014, he sustained a painful injury while playing basketball at RGCI. The pain was immediately unbearable, and the plaintiff informed medical staff that he had heard a "pop" and believed he had torn his Achilles. Medical staff prescribed the plaintiff Vicodin and a medical boot. They scheduled him an appointment with the "acting M.D." at a later date. The plaintiff alleges that he suffered severe pain for the next sixteen days before it was finally recognized that he had sustained an Achilles tear. According to the plaintiff, RGCI medical staff did not provide him with a wheelchair, but instead gave him crutches and a stabilizing boot. The plaintiff was therefore required to apply pressure to his foot whenever he went anywhere. The plaintiff alleges that the defendants initially believed his injury was not serious, and they failed to act in a quick and reasonable manner. He asserts that if RGCI medical staff had immediately sent him out to a medical facility, the injury would have been exposed right away and he would have avoided sixteen days of

pain and suffering. According to the plaintiff, the Vicodin he was prescribed did not completely stop the pain.

The plaintiff claims that the defendants' actions constituted deliberate indifferent to his serious medical need. He seeks compensatory and punitive damages.

To prove that he has been denied medical care in violation of the Eighth Amendment, the plaintiff must to establish that the defendants knew about but disregarded a substantial risk of harm from an objectively serious medical condition. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Vance v. Rumsfeld*, 701 F.3d 193, 204 (7th Cir. 2012); *Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007). Deliberate indifference is conduct that is intentional or reckless and not simply negligent. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). A plaintiff may plead himself out of court by revealing in his complaint facts that defeat his claim, *see Edwards*, 478 F.3d at 830; *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003), although not every acknowledgment of having received some medical care will defeat a claim of deliberate indifference, *see Edwards*, 478 F.3d at 831; *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006).

The plaintiff's complaint makes apparent that he was not satisfied with the care he received and that he believes that he should have been

- 5 -

referred to a specialist immediately.  He alleges that the defendants failed to immediately recognize the severity of his injury.  During the sixteen days after the injury, RGCI medical staff provided him with Vicodin, a medical stabilizing boot, and crutches.  The plaintiff's disagreement with the defendants does not establish deliberate indifference. *See Budd v. Motley*, 711 F.3d 840, 844 (7th Cir. 2013) (upholding dismissal at screening of prisoner's claim of deliberate indifference to leg wound since complaint detailed extensive medical care, including testing, medication, and multiple hospital visits over period of several weeks); *Ciarpaglini*, 352 F.3d at 329-31 (upholding dismissal at screening of inmate's claim that prison physicians had denied him medical care by discontinuing medications for ADHD and panic disorder, since inmate acknowledged frequent visits with his doctors and thus alleged only a disagreement with their treatment decisions); *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997) (upholding dismissal on complaint of inmate's claim of deliberate indifference to painful cyst, since claim was "fatally undermined by his own factual allegations" of repeated treatment over ten months).

At most, the plaintiff's allegations advance a negligence claim.  However, negligent conduct on the part of a state official is insufficient to make out a constitutional violation.  *Daniels v. Williams*, 474 U.S. 327,

331, 333-34 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986); *Russ v. Watts*, 414 F.3d 783, 788-89 (7th Cir. 2005).

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (*quoting Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

## **ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 3) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $343.13 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's

- 7 -

Case 2:15-cv-00745-RTR   Filed 08/14/15   Page 7 of 8   Document 7

trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 14th day of August, 2015.

                                            **BY THE COURT:**

                                            _____
                                            **HON. RUDOLPH T. RANDA**
                                            **U.S. District Judge**